Carlos RUSSELL, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2006–CA–000747–MR.

Court of Appeals of Kentucky.

Nov. 2, 2007.

Roy Durham II, Assistant Public Advocate, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Jeffrey A. Cross, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER and VANMETER, Judges; GUIDUGLI,[1] Senior Judge.

## OPINION

VANMETER, Judge.

Carlos Russell appeals from the Perry Circuit Court's order requiring him to pay $2,157 in restitution to Anderson Auto Sales. For the following reasons, we affirm.

In June 2005, Russell looked at a Ford F–150 at Anderson Auto Sales. He went back a couple of days later to buy the truck and filled out a credit application using his father's name, Social Security number, and address. Russell believed that his credit history was inadequate to obtain the truck and that he had his father's permission to use the information. The financing which was secured through a bank required Anderson Auto Sales to make any loan payments the purchaser failed to make. After Russell took possession of the truck and did not make any loan payments, Anderson Auto Sales repossessed the truck, which had been extensively damaged.

Russell was subsequently indicted for theft of identity, second-degree forgery, and first-degree criminal mischief. A jury found Russell guilty of theft of identity and recommended a one-year term of imprisonment. The trial court entered judgment accordingly. The trial court also entered an order requiring Russell to pay restitution in the amount of $2,157, *i.e.*, the amount necessary to repair the damage to the truck. This appeal followed.

Russell concedes that pursuant to KRS 514.160(6), he was required to forfeit his right to the truck; however, he argues that the trial court erred by concluding that Anderson Auto Sales was entitled to restitution under KRS 532.034 because it is neither the person whose identity was stolen for purposes of KRS 532.034(1), nor a "person or entity" as listed in KRS 532.034(2). We disagree.

A defendant who is found guilty of theft of identity "shall forfeit any lawful claim to the identifying information, property, or other realized benefit of the other person as a result of such violation." KRS 514.160(6). Further, KRS 532.034 specifies that a person who is found guilty of theft of identity

(1) ... shall, in addition to any other punishment, be ordered to make restitution for financial loss sustained by a victim as a result of the violation. Financial loss may include any costs incurred by the victim in correcting the credit history of the victim or any costs incurred in connection with any civil or administrative proceeding to satisfy any debt or other obligation of such victim, including lost wages and attorney's fees.

(2) ... shall pay restitution to the person or entity that suffers the financial loss. In addition to the financial loss detailed in subsection (1) of this section, the person or entity may include a financial institution, insurance company, or bonding association that suffers direct financial loss as a result of the violation.

Based on the examples of "financial loss" given therein, KRS 532.034(1) appears to limit restitution to individuals who

---

1. Senior Judge Daniel T. Guidugli, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

suffer financial loss as a result of their identities having been stolen. KRS 532.034(2) indicates that others are also entitled to restitution for identity theft, however, by providing that in addition to the financial losses detailed in KRS 532.034(1), a defendant "shall pay restitution to the person or entity that suffers the financial loss." These persons or entities "may include a financial institution, insurance company, or bonding association that suffers direct financial loss as a result of the violation." While Anderson Auto Sales neither had its identity stolen nor is one of the specific types of businesses described in KRS 532.034(2), the latter section's use of the words "may include" indicates a clear legislative intent to permit the expansion of the list of possible victims. Given the evidence that Anderson Auto Sales was required to satisfy Russell's unpaid loan obligation on the truck he used his father's identity to purchase, and that the truck was damaged when repossessed, the trial court did not err by concluding that Anderson Auto Sales was an entity entitled to restitution under KRS 532.034.

Finally, Russell argues that ordering him to pay Anderson Auto Sales restitution in this matter will allow a retail business to seek restitution under the statute when one purchases goods at the business using a credit card obtained with another's identifying information. This concern is unfounded, however, since KRS 514.160(4) provides that the identity theft statute "does not apply to credit or debit card fraud under KRS 434.550 to 434.730."

The Perry Circuit Court's order is affirmed.

ALL CONCUR.